## SKAGGS v CLEAR-BAY MOBILE HOME EXCHANGE, INC.
### Case No. 85-4544-48
County Court, Pinellas County
December 31, 1985

**APPEARANCES OF COUNSEL**

**Paul F. Probst, Jr.** for plaintiff.
**Joseph S. Alexander** for defendant.

### OPINION OF THE COURT

WILLIAM B. BLACKWOOD, County Judge.

THIS CAUSE was before the Court for non-jury trial on December 2, 1985. The Plaintiff is seeking a recovery upon three theories; first, that Defendant is guilty of unfair and deceptive trade practices in violation of Section 501.24, Fla. Stat. and that Plaintiff has suffered actual damages thereby; second, that there is a mutual mistake between the parties as to the subject matter of the contract and the contract is, therefore, cancellable; third, that the Defendant is guilty of "misrepresentation" resulting in damages to the Plaintiff.

As to the third ground, the Court finds that for Plaintiff to recover, the Plaintiff would have to prove that Defendant was guilty of a knowing material misrepresentation amounting to fraud which Plaintiff has failed to do.

As to the second ground mentioned above, the Court finds that Plaintiff must establish that the mutual mistake, if any, was made upon provisions of the contract which were of material importance to the Plaintiff when she entered into the contract and that she was induced to enter into the contract by the provisions upon which the mistakes were made. Essentially, Plaintiff relies upon two mistakes of fact in seeking to avoid the contract. First, that the mobile home was not 46 feet long; in fact, the mobile home is 46 feet long. Originally, it was a 36 foot mobile home but a 10 foot Florida room had been added, making it 46 feet long.

Plaintiff had ample opportunity to examine the size, dimensions, condition and layout of the mobile home before she signed the purchase contract. The fact that the mobile home is 46 feet long, only because of the 10 foot Florida room addition, is immaterial in this case. Second, the sales contract refers to the mobile home as a "Palm Harbor" model when in fact the mobile home is a "Palm-Air Nobility" model made by a different manufacturer. This is a mistake which should not have happened. Defendant, as the mobile home dealer, should ascertain the make of the mobile home prior to drawing contracts for sellers and buyers to sign. The decision, however, upon Plaintiff's suit, upon the theory of mutual mistake, relies upon general contract principles of law. The Court does not believe, from the evidence, that the purchase of a "Palm Harbor" model was important to the Plaintiff at the time she decided to search for a mobile home to purchase; nor was it important to the Plaintiff at the time she inspected the mobile home to be sold, on several occasions, nor at the time she signed the contract for purchase. In essence, in this case, the Plaintiff was purchasing a mobile home that was a used mobile home, in place in a mobile home park, and open for her inspection. The transaction is similar to that of buying an ordinary house. Plaintiff availed herself of several opportunities to inspect the home. The Court is not convinced, by the evidence, that it was important to her to purchase a "Palm Harbor" home. In fact, Plaintiff is not now living in such a make of mobile home. The purchase of a particular make of mobile home does not appear, from the evidence, to have been of material importance to the Plaintiff at any time, including the time she executed the sales contract.

The final ground upon which Plaintiff seeks recovery is that Defen-

dant committed unfair and deceptive trade practices in violation of Section 501.204, Fla. Stat., and that Plaintiff has suffered actual damages as a result thereof. Proof of actual fraud is not necessary for there to be an establishment of an unfair and deceptive trade practice. See, *Rollins, Inc. v. Heller*, 454 So.2d 580 (Fla. 3d DCA 1984). The Court finds that the Defendant was guilty of simple negligence in this matter by failing to determine the actual model and manufacturer of the mobile home for which it was acting as a salesman. However, as pointed out above, the evidence does not show that the purchase of a particular model of mobile home was of material importance to the Plaintiff. Therefore, the simple negligence of the Defendant has not prejudiced the Plaintiff. There were no other negligent misrepresentations by the Defendant. Rule 2-9.02 of the Rules of the Department of Legal Affairs of the State of Florida, promulgated pursuant to the authority of the Florida Deceptive and Unfair Trade Practices Act, provides that it is an unfair or deceptive act or practice to "misrepresent" the manufacturer of goods or to "misrepresent" the "model" of goods. The Court must construe the meaning of "misrepresentation," in the context of the rule, to be an intentional misrepresentation or to be one that amounts to gross negligence. There is no evidence that Defendant made an intentional misrepresentation as to the manufacturer or model of the mobil home and the Court has concluded that the misstatement of the model of the mobile home in the sales contract was simple negligence, not gross negligence, particularly since it was not of material importance to Plaintiff at the time and did not induce her to enter into the contract. Therefore, there is no misrepresentation within the meaning of Rule 2-9.02, of the Rules of the Department of Legal Affairs.

Rule 2-12.05, of the Rules of the Department of Legal Affairs, provides that it is an unfair or deceptive act or practice or representation with regard to the sale of a mobile home which is "false, deceptive or misleading." The representation by the Defendant as to the model or make of the mobile home, during the course of the sales presentation to the Plaintiff and in the contract itself, is a sufficient publishing of the statement or representation as to the model of the mobile home to satisfy this provision of the Rules of the Department of Legal Affairs such that an unfair or deceptive act or practice is established if the statement or representation as to the make or model of the model home is "false, deceptive, or misleading." There is no question that the representation as to the make and model was not accurate and that Defendant is guilty of simple negligence in regard to the inaccuracy. The three key words in the cited Rule are "false, deceptive, or

146

misleading." The Court finds that it is the intent of the Florida Deceptive and Unfair Trade Practices Act that a deceptive or misleading act must be one done with the intent to deceive or mislead or to have been an act that was so grossly negligent that it was reasonable to believe that it would be deceptive or misleading. Such is not the case here. That leaves the Court to decide the meaning of the worse "false" in Rule 2-12.05, in determining whether the Defendant is guilty of an unfair or deceptive act or practice. The Court finds that the word "false" must be read in conjunction with the words "deceptive or misleading" and that a mistake amounting to simple negligence is insufficient to establish an unfair or deceptive act or practice since there was no intent to deceive nor an act of gross negligence. This is particularly true (to be redundant) when the fact as to which the mistake was made was not of material importance to the Plaintiff.

The Court must find, therefore, that the Plaintiff is not entitled to recover damages in this cause. The Court can only conclude from the evidence that was heard at the hearing, that the Plaintiff simply changed her mind without sufficient legal cause regarding the purchase of this mobile home.

The Court must note, unfortunately, that some acts were committed by the Defendant which were unfair and deceptive trade practices. Namely, Defendant's agent, Cyndie McCarty, tried to coerce the Plaintiff with threats to execute a new contract to correct the mistakes that she thought existed at the time and did threaten the Plaintiff with litigation to coerce the signing of a new contract. This attempted coercion to obtain a new contract was not successful; nevertheless, it is an unfair and deceptive trade practice. These acts do not form part of the basis for Plaintiff's suit so no damages can be awarded therefor. Further, there is no proof as to any actual damages that would have been suffered by Plaintiff as a result of that unfair and deceptive practice or act. The Court felt compelled, however, to point out to the Defendant that such acts should not reoccur in the future.

It is, therefore, ORDERED AND ADJUDGED that the Plaintiff, GOLDIE L. SKAGGS, take nothing by this action and Defendant, CLEARBAY MOBILE HOME EXCHANGE, INC., shall go hence without day. The Court reserves jurisdiction for such awards of court costs and attorney's fees as may be appropriate.